IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL ARRIAZA GONZALEZ, aka | ) | |
| Rafael Arriaza Gonzales, #1316090, | ) | |
| Petitioner,[1] | ) | |
| | ) | |
| v. | ) | 3:08-CV-0151-D |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Lynaugh Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Fort Stockton, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of murder and assessed punishment at 30 years imprisonment. *State v. Gonzalez*, No. F01-01091-

---

[1] A review of the state court record and state court websites reflects that Petitioner is also known as Rafael Arriaza Gonzales.

TR (265th Judicial District Court, Dallas County, Jul. 14, 2005). The court of appeals affirmed his conviction and sentence. *Gonzalez v. State*, No. 05-05-01140-CR (Tex. App. -- Dallas, Jul. 12, 2006, no pet.). Petitioner did not file a petition for discretionary review.

Subsequently, Petitioner filed two state habeas applications, pursuant to art. 11.07, Texas Code of Criminal Procedure -- the first on February 8, 2007, and the second on July 2, 2007. The Texas Court of Criminal Appeals (TCCA) dismissed the first application as non-complying on April 11, 2007. *Ex parte Gonzalez*, WR-67,256-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID=250895. On November 21, 2007, the TCCA denied the properly-filed, second application without written order on the trial court's findings without a hearing. *Ex parte Gonzalez*, WR-67,256-02, http://www.cca.courts.state.tx.us/opinions/Case.asp?Filing ID=255364.

Petitioner filed this federal petition, challenging his conviction and sentence alleging speedy trial violations, that tainted evidence was admitted, denial of the clerk and reporter's record and a violation of his right to remain silent.[2]

In response to this court's order to show cause, Respondent filed an answer asserting the petition is barred by the one-year statute of limitations. Alternatively, Respondent argues the petition is unexhausted and procedurally barred in part, and otherwise meritless. Petitioner filed

---

[2] Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner failed to include the date on which he signed his petition. (*See* Pet. at 9, which is neither signed nor dated, and attached Memorandum at 7, which is signed but not dated). He did sign and date his motion for trial court record, submitted along with his habeas petition, on January 24, 2008. (*See* Mot. for Trial Court Record at 2). The mail logs from the Lynaugh Unit also reflect January 24, 2008, as the earliest possible date on which Petitioner could have mailed his federal petition. (Respondent's Answer at Exh. A). Therefore, for purposes of this recommendation, the petition is deemed filed on January 24, 2008.

a reply to Respondent's answer on May 19, 2008.

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates to seek federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his grounds for relief. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting his grounds became known prior to the date on which his conviction became final. Therefore, the court calculates the one-year statute of limitations from the date on which Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Since Petitioner did not file a petition for discretionary review (PDR), his conviction became final on Friday August 11, 2006, thirty days after the judgment was affirmed. *See* Tex. R. App. Proc. 68.2(a) (a PDR must be filed within thirty days of either the date on which the

3

judgment is affirmed, or the last timely motion for rehearing is overruled by the court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 2909 (2007) (conviction final thirty days after judgment was affirmed because no PDR). Contrary to Petitioner's assertion, the date of issuance of the mandate (September 26, 2006) does not determine when a conviction becomes final for purposes of the limitations period. *Id.* at 485-86 (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)(mandate date does not control limitations analysis). Thus, the one-year limitations period began to run on August 12, 2006, the day after Petitioner's conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (citing Fed. R. Civ. P. 6(a)).[3]

The AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed his first state habeas application on February 8, 2007, approximately five and one-half months after the one-year period began to run. *See Ex. Parte Gonzalez*, No.WR-67,256-01, at 2. The TCCA dismissed that application "for noncompliance with appellate rules" on April 11, 2007. *Id.* at cover. An application is properly filed under § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *see also Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (holding properly filed application is "one that conforms with a state's applicable

---

[3] Respondent asserts that Petitioner's conviction became final on Monday August 14, 2006, thirty days after the judgment was affirmed. Even if Petitioner's conviction became final on that date, the petition would still be time barred as set out more fully below.

4

procedural filing requirements"). Rule 73.1, of the Texas Rules of Appellate Procedure, prescribes the form and its required contents to file for relief under article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. R. App. Proc. 73.1.

Since Petitioner's first state application was dismissed on procedural grounds, it did not comply with State of Texas' procedural requirements for an art. 11.07 application. As such, it did not constitute a properly filed application for purposes of statutory tolling. *See Causey v. Cain*, 450 F.3d 601, 605 n.6 (5th Cir. 2006) (citing *Edwards v. Dretke*, 116 Fed. Appx. 470, 471 (5th Cir. 2004) ("The initial filing of Edwards's state habeas corpus application did not constitute a 'properly filed' application . . . because the Texas Court of Criminal Appeals determined that the application failed to comply with Tex. R. App. P. 73.2.")); *Castro v. Dretke*, 127 Fed. Appx. 739, 2005 WL 1077369, *1 (5th Cir. 2005) (unpublished per curiam) (declining to grant statutory and equitable tolling for the period that his first state habeas application, which was returned to him because it was not on the proper form, was pending; noting that petitioner did not show exceptional circumstances or diligence).

Petitioner properly filed his second state writ on July 19, 2007. *Ex parte Gonzalez*, No. WR-67,252-02, at 2.[4] As of the date of its filing, 341 days of the one-year limitations period had elapsed. The state application remained pending until its denial on November 21, 2007, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See also Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on November 22, 2007, and expired twenty-four

---

[4] Respondent states the second writ was filed on July 2, 2007. It is unclear why Respondent relies on that date. Nevertheless, the petition would be time barred even if the court were to rely on that filing date.

days later on December 16, 2007. Because that date fell on a Sunday, the limitations period was extended to the following Monday, December 17, 2007. *See* Fed. R. Civ. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998) (applying Rule 6(a)). Petitioner mailed his federal petition on January 24, 2008, thirty-eight days after the one-year period elapsed. Therefore, the federal petition is clearly time barred absent equitable tolling.[5]

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

"[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

In his pleadings, Petitioner relies on his *pro se* status, unfamiliarity with the law, and inability to speak and understand English as bases for equitable tolling. He does not provide any details as to how he filed his pleadings in this case other than for stating that he relies on prison writ writers.

---

[5] This petition would be time barred even if the Court were to rely on the date of signing/mailing of the second art. 11.07 application, July 3, 2007. *Ex parte Gonzalez*, No. WR-67,256-02. Nevertheless the Court notes that the Fifth Circuit Court of Appeals has "decline[d] to extend the mailbox rule to the determination of filing dates for state habeas applications." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). The proper inquiry is "whether the prisoner is entitled to equitable tolling." *See id.* As set out more fully below, Petitioner cannot meet the strict requirements for equitable tolling in this case.

The Fifth Circuit has held that unfamiliarity of the law "due to illiteracy and or any other reason" does not "merit[] equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations); *United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).

The same holds true with respect to Plaintiff's unfamiliarity with the English language. Inability to speak or read the English language is a disability common to a large number of inmates in the prison system and as such it does not warrant equitable tolling. *See United States v. Posada-Rios*, 2007 WL 2988012, *7, No. H-07-CV-478 (S.D. Tex. 2007); *United States v. Morfin*, 2007 WL 837272, *3, No. 3:06-CV-2410-M (N.D. Tex. 2007); *United States v. Polbo-Torres*, 2005 WL 81725, *2, 3:04cv1541-P (N.D. Tex. 2005); *Zinsou v. Dretke*, 2004 WL 2381243, *1, 4:04-CV-566-A (N.D.Tex. 2004) (adopting recommendation of magistrate judge) (citing *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002)) (the inability to read and speak English is not in itself a sufficient basis for equitable tolling); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir., Dec. 13, 1999) (unpublished opinion) (inability to read and speak English language does not warrant equitable tolling); *United States v. Teshima-Jiminez,* No. CRIM. 97-087, 1999 WL 600326 at *2 (E.D. La. Aug. 5, 1999) ("lack of legal research material and assistance" and "little English spoken" in petitioner's prison not "rare and exceptional circumstances" to justify equitable tolling).

Moreover, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner delayed five

months and twenty-seven days from the date his conviction became final until he filed the first, non-complying writ. Upon receiving notice of the dismissal of his first writ because of procedural deficiencies, Petitioner did not immediately file his second writ. Rather he waited three months and eight days before even submitting his second, properly filed state writ. Following the denial of the second state writ, he waited an additional two months and three days to file his federal petition.

Petitioner provides no reason for his repeated, dilatory actions. Unexplained delays generally make the circumstances of a case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation accepted (N.D. Tex., Aug. 1, 2003).

Here Petitioner did not act with reasonable diligence. As noted above, he delayed pursuing relief in the Texas justice system both before as well as after receiving notice that his first writ was deficient.

Moreover, this is not a case in which Petitioner *could not have* filed a timely second 11.07 writ *before* the one-year period expired. He delayed filing his second properly filed art. 11.07 application for more than three months after his initial application was dismissed leaving a

mere 24 days remaining before expiration of the one-year period.  Further, he waited an additional two months before filing his federal petition.  See n. 2, *supra*. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

In sum, the court concludes that Petitioner did not act with the diligence and alacrity needed for equitable tolling and his petition is time barred.

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition be DISMISSED with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 18th day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.